### W. M. BOSWELL V. THE STATE.

No. 7149. Decided January 17, 1923.

Rehearing Denied March 7, 1923.

**1.—Swindling—Evidence—Hearsay—Reversible Error.**

Where, upon trial of swindling, the State's witness was permitted to testify to a conversation had between himself and the party injured away from the presence of defendant, and the matter was material, the judgment must be reversed and the cause remanded.

**2.—Same—Argument of Counsel—Remarks by Judge—Dehors the Record.**

Where, upon trial of swindling, the district attorney made the statement that he had made no promise of immunity and no promise had been made by

93 T. C.—41

anyone, and the court remarked that there was no promise in the case for immunity of the witness, which was dehors the record, the same was reversible error under the facts of this case.

**3.—Same—Rehearing—Practice on Appeal.**

Believing proper disposition was made in holding that the hearsay evidence admitted was harmful, the motion for rehearing is overruled.

Appeal from the District Court of El Paso. Tried below before the Honorable W. D. Howe.

Appeal from a conviction of swindling; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*Joseph U. Sweeney* and *L. A. Dale,* for appellant.—Cited Scott v. State, 27 Texas Crim. App., 264; Ferguson v. State, 25 id., 451.

*R. G. Storey,* Assistant Attorney General, for the State.

LATTIMORE, JUDGE.—Appellant was convicted in the District Court of El Paso County of swindling, and his punishment fixed at two years in the penitentiary.

Appellant, together with one Day and Shanks were jointly indicted for swindling one Feder out of three hundred dollars in money, alleged to have been accomplished by false representations as to the ownership of a certain automobile and the right to execute and deliver a certain written instrument which was in effect a mortgage upon said automobile, executed apparently to secure the three hundred dollars in question. The automobile did not belong to either of said parties, but was claimed by its owner, and shown by the testimony to have been stolen by someone at or about the time it was used to obtain from Feder said money. Appellant advanced the defensive theory that he was in the garage business in El Paso and at or about the time the car in question first came under his observation it was placed in his garage by Shanks who claimed to have bought it from some party. Appellant further testified that later, in order to assist Shanks in borrowing some money upon said car from Feder that he telephoned the latter in regard to this loan, but denied having made any claim that the car was his or that he wanted to get said money for himself. A witness by the name of Golob, who was an employe of Feder, testified for the State. Appellant complains in a bill of exceptions of certain testimony of said witness, which testimony is as follows:

"Feder told him that Boswell said over the phone that he (Boswell) had a Ford Sedan, 1921 Model, that he wanted to make a loan on, and that Feder asked Boswell what he wanted on it. He told him three hundred dollars, and Mr. Feder told him to bring it around he thought he would make the loan. They brought it around the following morning but Mr. Feder was not there. I looked at the car and told them I would make the loan."

The objection to this testimony was that it was hearsay. The bill of exceptions complaining at the admission of same is approved without any qualification. The objection was well taken. Said bill of exceptions reflects the fact that Golob was permitted to testify to a conversation had between himself and Mr. Feder away from the presence of appellant, and we can see no reason, nor is any attempted to be shown, why such hearsay testimony was permitted. The statement is regarding a material matter in view of the contention of appellant that he at no time made any claim to said car, or of his wish to make a personal loan on same. Mr. Branch cites many authorities supporting our view in Sec. 107 of his Ann. P. C.

Day and Shanks, who were unquestionably accomplices in whatever crime was committed, were used as witnesses for the State. Their testimony was damaging to appellant. In his argument to the jury, appellant's attorney stated that said witnesses hoped to obtain mercy and clemency for giving said testimony, and that he believed they had been promised immunity. It is made to appear that in the closing argument for the State the Assistant District Attorney made the following statement.

"I have made no promise of immunity and no promises have been made by anyone."

This language was objected to by appellant and an exception reserved. It is further made to appear in the bill of exceptions presenting this matter that the court thereupon used the following language:

"That is not improper argument. There is testimony in this case that no promises have been made."

Appellant thereupon took a further exception to the language of the trial court upon the ground that it was improper and a comment upon the weight of the testimony. In our view the objection to the statement of the district attorney should have been sustained and the remark of the learned trial judge should not have been made. A careful examination of the statement of facts in this case discloses that while the State witness Day testified that no promises had been made to him, the witness Shanks nowhere testified to such fact, nor is there testimony in the record showing that promises of immunity had not been made to said witness. The statement of the attorney for the State was not in argumentative form, nor does same appear to have been a discussion of the testimony of any witness, but to be the direct statement of a fact by said attorney, which fact was material and might easily be hurtful to appellant. There being no testimony in the record that no promises were made to the witness Shanks, and the argument of appellant's attorney having reference equally to both Day and Shanks, it would follow that the remark of the trial court must have been taken to apply to both of said witnesses, and as above stated, same was without foundation as to the witness Shanks. Mr. Branch on page 205 of his Ann. P. C. cites authorities sustaining the proposition that if State's counsel desires to

testify during the argument, he ought to ask to be sworn. The un-sworn statement by State's counsel to the jury of a material fact ad-verse to the defendant which was not in testimony, will require the re-versal of the case.

Believing the learned trial court in error in the admission of said hearsay testimony, and that the matters transpiring in argument just discussed were also erroneous, the judgment of the court below is re-versed and the cause remanded.

*Reversed and remanded.*

ON REHEARING

March 7, 1923.

HAWKINS, JUDGE.—The State has filed a motion for rehearing directing our attention to certain testimony in the record, and urges that in view thereof the hearsay evidence admitted should not be held harm-ful, insisting that Feder's and appellant's testimony is practically to the same effect. We have examined the statement of facts again and find ourselves unable to agree with the State. The hearsay evidence quoted in our original opinion would indicate that appellant was seeking the loan as a personal matter to him, and for his own benefit, whereas the evi-dence properly admitted can be construed in a more favorable light for appellant. Believing proper disposition was made of the case on this as well as the other points discussed, the motion for rehearing is over-ruled.

*Overruled.*